## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT BARNETT, # R-64880,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-117-MJR** |
| | ) | |
| **MARC HODGES,** | ) | |
| **ASSISTANT WARDEN STORM,** | ) | |
| **COUNSELOR HENTON,** | ) | |
| **and JOHN DOE TRUST FUND** | ) | |
| **ADMINISTRATOR – LAWRENCE C.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He is serving two eight-year sentences, one for attempted murder, and the other for battery.  Plaintiff claims that Defendants denied his constitutional rights to access the courts, when they failed to pay his partial appellate filing fee after he authorized payment from his inmate account.

The appeal at issue here was from an earlier civil rights suit brought by Plaintiff in this district, *Barnett v. Bates, et al.*, 11-cv-722-MJR-SCW (this case shall be referred to herein as "*Barnett I*").  This Court dismissed the case on May 31, 2013, on several motions filed by defendants in that action (Docs. 107, 108 in *Barnett I*).  Plaintiff timely appealed, and on June 21, 2013, this Court granted him leave to proceed in forma pauperis ("IFP") in his appeal (Doc. 117 in *Barnett I*).  The IFP order directed Plaintiff's custodian (he was housed in Lawrence at the time) to deduct a partial payment of the appellate fee in the amount of $12.19 from Plaintiff's

account, and forward this sum to the Clerk of this Court.

Plaintiff asserts in the instant complaint that he sent a signed money voucher to the Trust Fund Office at Lawrence, authorizing the payment of his partial filing fee in accordance with this Court's order (Doc. 1, p. 4).  In July 2013, he sent a request to Defendant Henton (correctional counselor) asking about the status of the payment request, because Plaintiff had not received back his copy of the payment voucher.  Defendant Henton responded that the matter would be taken care of, because the Court's order had been sent directly to the Trust Fund Office.

On August 20, 2013, the United States Court of Appeals for the Seventh Circuit issued an order directing Plaintiff to show cause why his appeal should not be dismissed for failure to pay the initial partial filing fee (Doc. 122 in *Barnett I*; Doc. 11 in Seventh Circuit Appeal No. 13-2293).  Plaintiff sent a notice to the appellate court, stating that he had authorized payment of the fee with his signed money voucher, and had followed up to inquire about the status of payment.  However, the fee was never paid, and on October 30, 2013, the appellate court dismissed Plaintiff's appeal for failure to pay the required docketing fee (Doc. 123 in *Barnett I*; Doc. 16 in Appeal No. 13-2293).

Plaintiff asserts that Defendants' refusal to process his money voucher for payment of the required appellate fee caused his appeal to be dismissed, thus denying Plaintiff his constitutional right to access the courts.  He sues Warden Hodges and Assistant Warden Storm (who oversees the Inmate Trust Fund operations) in their official capacity for injunctive relief (Doc. 1, pp. 2, 5-6).  He alleges that the unknown party (John Doe) Lawrence Trust Fund Administrator failed to carry out Plaintiff's request to make the court-ordered payment from his account, and that Defendant Henton failed to pursue his inquiry regarding non-payment of the

filing fee.

**Additional Background on *Barnett I* (Case No. 11-cv-722-MJR)**

The Court may take judicial notice of public records such as court documents filed in its own electronic docket, as well as court records available on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

Plaintiff's civil rights claims in *Barnett I* survived the initial merits review under 28 U.S.C. § 1915A, and he was granted leave to proceed IFP in this district court.  In that case, Plaintiff raised due process and deliberate indifference claims.  He asserted that prison officials had failed to protect him from a sexual assault at Big Muddy River Correctional Center, and that after he was attacked, they refused to investigate the incident, refused to place him in protective custody, denied him medical care, and filed a false disciplinary report against him.  The prison adjustment committee had conducted a hearing on those disciplinary charges, and found that no sexual assault had taken place (*See* Doc. 107 in *Barnett I*).  Plaintiff was found guilty of two disciplinary infractions (impeding an investigation and giving false information).  This Court concluded that Plaintiff could not prevail on his due process and deliberate indifference claims without "imply[ing] the invalidity of" the judgment in the disciplinary proceeding, which ruled Plaintiff had *not* been assaulted.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Because Plaintiff's claims were barred by the *Heck* doctrine, his civil rights case was dismissed.

Upon dismissing *Barnett I*, the undersigned judge also determined that Plaintiff's claims were frivolous within the meaning of 28 U.S.C. § 1915A(b)(1), and assessed a "strike," citing *Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to

denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained."). *See also* 28 U.S.C. § 1915(g).

When Plaintiff appealed the dismissal of *Barnett I*, the undersigned granted his motion for leave to proceed on appeal as a pauper (this order, Doc. 117 in *Barnett I*, directed payment of the initial $12.19 partial fee). The order included a statement that the Court was unable to certify that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[1] The "good faith" test means that the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Plaintiff's new access-to-courts claim in the instant case has necessitated a review of *Barnett I*. That review leads the undersigned to conclude that it was error to allow Plaintiff to proceed IFP in his appeal of *Barnett I*.

The Seventh Circuit has instructed that "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026 (a plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit"); *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("the granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory"). Under this authority, once the Court determined that Plaintiff's claims were wholly frivolous, he should not have been granted leave to pursue his appeal IFP. *See Lee*, 209 F.3d at 1027 (district court should not have granted leave to appeal IFP after dismissing suit as frivolous). Instead, this Court should have certified that the appeal was not

---

[1] 28 U.S.C. § 1915(a)(3) states, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

taken in good faith and denied leave to appeal IFP.  *See Hefley v. Bruch*, 276 F. App'x 506, 508 (7th Cir. 2008) (where district court found that underlying suit was frivolous, it should have certified that the appeal was taken in bad faith and revoked prisoner's pauper status).

Had this Court denied Plaintiff's motion to appeal IFP, Plaintiff could then have filed a motion in the appellate court for leave to proceed with the appeal IFP.  In the event that he had done so and been granted leave to appeal IFP by the Seventh Circuit, he would still have been required to make a timely partial payment according to the formula in 28 U.S.C. § 1915(b), thus placing him in the same position with respect to the fee.  Alternatively, if Plaintiff's motion to appeal IFP had been denied (by either this Court or the appellate court), he would have been required to pre-pay the entire $455.00 appellate filing/docketing fee before his appeal could proceed.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully considering the allegations in Plaintiff's complaint, as well as the procedural history of *Barnett I*, the Court concludes that this action is subject to summary dismissal.

Prisoners have a fundamental right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), and prison officials have an affirmative duty to provide inmates with reasonable court access.  *Martin v. Davies,* 917 F.2d 336, 338 (7th Cir. 1990).  However, in order to maintain a constitutional claim for denial of access to the courts, a plaintiff must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *see also Marshall v. Knight*, 445 F.3d 965, 968-69 (7th Cir. 2006) (the right of

access to the courts is only infringed if a "potentially meritorious challenge to the prisoner's

conviction, sentence, or conditions of confinement" has been prejudiced).

       The dismissal of Plaintiff's appeal for non-payment of the partial appellate filing

fee was clearly an impediment to his ability to pursue that matter.  Even if the Court accepts at

face value Plaintiff's assertion that Defendants were at fault for failing to pay the partial filing

fee from his inmate account,[2] Plaintiff must still demonstrate that his appeal was "non-

frivolous."  Otherwise, the complaint states no claim for denial of access to the courts.

       This Court dismissed *Barnett I* as frivolous in light of the *Heck* doctrine, and there

is nothing in the instant complaint (or in the record of *Barnett I*) that would indicate Plaintiff's

appeal from that frivolous case would have had any legal merit.  Therefore, although

---

[2] The Court notes that the prison Trust Fund Officer was subject to the order of this Court to pay Plaintiff's partial filing fee, regardless of whether Plaintiff had submitted a money voucher.  Ordinarily, payment is made in response to such a court order when the inmate's account contains sufficient funds. The fact that no appellate fee payment was made (and still has not been made to date) suggests that Plaintiff's account balance was too low to cover the required payment.

    Plaintiff asked the appellate court for extra time to make the payment because, at the time he was granted leave to appeal IFP in June 2013, he was receiving only about $10.00 per month in "state pay," which he needed for hygiene supplies, legal copies, and legal postage (Docs. 12, 14 in Appeal No. 13-2293).  A review of Plaintiff's trust fund account statements shows that since May 2013, his $10.00/month income was indeed consumed by deductions to reimburse the prison for legal postage and copying expenses, as well as one commissary purchase (Doc. 12 in Appeal No. 13-2293).  However, his earlier trust fund statements disclose that between December 15, 2012, and May 9, 2013, Plaintiff received six deposits from a person outside the prison ranging between $40.00 and $90.00, which totaled $345.00 for this five-month period (Doc. 116 in *Barnett I*).  Each time Plaintiff received one of these deposits, he spent most of the money on commissary purchases, reserving very little for his litigation costs, despite the fact that *Barnett I* was still pending. *Id.*

    Furthermore, just before Plaintiff filed *Barnett I* in August 2011, he had received a settlement payment in the amount of $515.45 from an unrelated case (Doc. 2 in *Barnett I*).  He had already spent nearly half of that when he applied for leave to proceed IFP in the district court in *Barnett I*.  By the time this Court approved that IFP motion on October 17, 2011, and ordered Plaintiff to make an initial payment of $21.41 (Doc. 6 in Barnett I), it appears that Plaintiff had spent much of the remainder, because to date, this Court has still not received the $21.41 initial payment toward the district court filing fee.  These records indicate that Plaintiff did have resources from which he could have paid at least part of his outstanding filing fees, yet he chose to spend his funds elsewhere.  If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, his case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1).  *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).   At a minimum, Plaintiff's account history calls into question his assertion that Defendants are entirely to blame for the failure to pay his initial partial appellate filing fee in *Barnett I*.

Defendants' failure to pay Plaintiff's appellate fee may have precipitated the dismissal of his appeal, the frivolity of that appeal defeats Plaintiff's access to courts claim.  Accordingly, Plaintiff fails to state a constitutional claim in this action upon which relief may be granted.  This case shall be dismissed pursuant to § 1915A.

**<u>Disposition</u>**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **HODGES, STORM, HENTON,** and **JOHN DOE** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

s/ MICHAEL J. REAGAN
United States District Judge